No. 328

CENTRAL STOR. WARE. CO. v. PICKERING
No. 19049. Supreme Court.

829. NEGLIGENCE—Is clause in warehouse receipt limiting liability of warehouseman to be considered as exemption for negligence?

H. A. Pickering stored with the Central Storage and Warehouse Co. various items of household furnishings in 1920. About two years later the goods were delivered to him and there was found to be missing, a bundle containing rugs, the value of which Pickering claimed was $200. The Company claimed it was responsible only to the extent of $25 as set forth in a clause in the warehouse receipt, said clause stating that, "The responsibility of this company for any article or package listed on this receipt with the contents thereof, while in its warehouses or being carted to or from same by it, is limited to $25 unless the value thereof is made known at the time of storing, and a higher storage rate paid therefor." This the company claimed Pickering failed to do. An action was brought in the Cleveland Municipal Court and Pickering there recovered the full amount asked for. Error was prosecuted by the Company and the Court of Appeals affirmed the Municipal Court.

The sole question in the Supreme Court is whether the clause in the warehouse receipt is legal, valid and binding on the depositor. The company claims that the clause was no attempt to contract for exemption against the consequences of its own negligence, but rather that it was a contract by which the value of the article or service is fixed in advance and of course the amount of recovery is limited to that value.

Attorneys—Quigley & Byrnes, Wm. A. Kane, and J J Fuerst for Storage Co.; Wm. J. Dawley and John P Harris, for Pickering; all of Cleveland.

---

No. 329

TOMLINSON v. STATE
No. 19011. Supreme Court.

Motion to file petition in error to Stark Appeals. Dock. March, 1925, 3 Abs. 162.

921. PHYSICIANS AND SURGEONS—May privileged communications of, between clients as written in records of such physicians be offered in evidence? Does 11494 GC. apply?

Dr. Samuel Tomlinson was tried in the Stark

Common Pleas for abortion upon Anna Landis. He was convicted and sentenced to the penitentiary for 1 to 7 years. Error was prosecuted to the Court of Appeals and Tomlinson claimed that the lower court erred in permitting the prosecuting attorney to interrogate him in presence of the jury with reference to medical services rendered to persons other than Anna Landis; the information upon which the prosecuting attorney based his questions being obtained from written statements or memoranda made by Tomilson, which information he received from persons while acting in the relation of physician and patient.

It was claimed that on the day Tomilson was arrested, police went through his files and private papers and took away slips upon which were written memoranda of many of his cases. Tomlinson contended that these reports or slips could not so be used in evidence without consent of patients in each case, in order to comply with 11494 GC which provides that certain persons shall not testify in certain respects, viz: A physician concerning communication made to him by his patient in that relation or his advice to his patient, but the physician may testify by the express consent of the patient, and if the patient voluntarily testifies, the physician may be compelled to testify on the same subject.

Tomilson contended that the only reason the record of the other cases were used, was for the purpose of creating passion and prejudice in the minds of the jury, and it had that desired effect when the prosecuting attorney stated that other abortions were procured by him. The Court of Appeals affirmed the judgment of the lower court, agreeing with the Common Pleas, that 1149 GC was not intended to be used as a defense.

The case is brought to the Supreme Court to overrule both lower courts. Tomlinson declares that if conviction in this case is sustained it will destroy the privilege which the statutes give to communications between husband and wife, attorney and client, and physician and patient, because it will be possible, under the guise of cross examination, to bring into the record every item of testimony which would be excluded under the rule of privilege.

Attorneys—Herbruck, Black, McCuskey & Ruff and R. O. Robertson for Tomlinson; C. B. McClintock, Pros. Atty. for State; all of Canton.